## Ross *v.* Hegeman.

A trust may result or be implied from a joint advance upon a purchase by two in the name of one. It is not within the statute requiring the trust to be manifested by writing. And the payment of the money after the purchase (by the party claiming the benefit of being a joint purchaser) makes no difference. Plea that the alleged trust was not in writing and that the complainant did not pay part of the purchase money at or before the completion of the purchase, overruled.

Bill for a moiety of premises alleged to have been purchased by the complainant and defendant in common. It alleges that the complainant, John E. Ross, and the defendant, Peter A. Hegeman, who was his brother-in-law, made joint application in the month of August, one thousand eight hundred and twenty-five, to Charles W. Sandford, Esquire, for the purchase of two lots of ground in the Bowery. That in pursuance of such joint application, a joint purchase was made of Mr. Sandford, at four thousand dollars, of which ten per cent. was to be paid down and a bond and mortgage on the lots given for the residue; and, at the time of the purchase, one hundred dollars was paid by the complainant and defendant. That the complainant held the receipt of the defendant for fifty dollars, being one half of the advance (receipt set forth.) That it was agreed the deed should be made to the defendant alone, and he alone execute the mortgage—and the reason of this was that the complainant was, and the defendant was not, married. That Sandford executed a deed to the defendant; and took the defendant's mortgage to secure the balance of the purchase-money, and the defendant received the deed as trustee for the complainant, as owner of one moiety. That, at the time of the execution of the deed or thereabouts, the complainant and defendant paid to Sandford four hundred dollars, including the one hundred dollars already paid. That the defendant gave

*October* 14,
1834.

*Statute of
frauds.*
*Trust.*
*Joint purchase.*

ROSS
*v.*
HEGEMAN.

1834.

the complainant a receipt for one hundred and fifty dollars, (set forth,) which, with the fifty dollars before paid, was one half of the ten per cent. or four hundred dollars paid on account of the purchase money, dated September 20, 1825. That the defendant took possession of the two lots as joint owner with the complainant, and received the rents on their joint account. That the complainant paid one half of a year's interest on the mortgage, for which the defendant gave a receipt, dated Oct. 4, 1826, (set forth) and continued to pay the interest, and for which he showed a receipt dated Oct. 10, 1827. That the defendant rendered to the complainant some time back an account, of which a copy was given. That the defendant had possessed himself of the lots, and received the rents ever since the execution of the deed, and still continued to receive the same. That the complainant had often applied to the defendant to account for the rents. Prayer for an account thereof; for a conveyance of one moiety of the lots ; and for further relief.

Plea ; and, answer. *Plea :* to the whole of the relief and to all the discovery, except the execution of the deed and the payment of any part of the purchase money, at or before the time of such execution by the complainant ; that the alleged trust in the bill was not manifested or proved by any writing signed by the defendant ; and an averment that the complainant did not pay any part of the purchase money at or before the completion of the purchase. *Answer :* admitting the execution of the conveyance from Sandford to the defendant on the tenth day of September one thousand eight hundred and twenty-five ; that the defendant paid the one hundred dollars mentioned in the bill from his own monies ; that on the execution of the deed, the defendant alone, from his own monies—and not the defendant and complainant jointly—paid the sum of three hundred dollars to Sandford, mentioned in the bill ; that these two sums were all the money paid ; admitted that the sum of fifty dollars was paid to the defendant, but it was after payment of the one hundred dollars by the defendant, and not as part of the purchase, and that the sum of fifty dollars was the only sum of those mentioned in the bill which was paid by the complainant before the execution of the deed ; and, denial of combination.

Mr. *A. L. Robertson*, in support of the plea.

Mr. *S. D. Craig*, for the complainant.

THE VICE-CHANCELLOR:—I think the plea might be well pleaded in form, within the rules of good pleading, as recognised and explained by the chancellor, in *Bogardus* v. *Trinity Church*, 4 Paige's C. R. 178; and if I were as well satisfied of its sufficiency in substance, or its applicability to the case made by the bill, I should, without hesitation, allow it to stand as a bar.

But it appears to me, the case made by the bill is not within the statute requiring the trust to be manifested by some note or declaration in writing. A trust may result or be implied from a joint advance of money upon a purchase in the name of one; and whether the money is paid by the party claiming the benefit of being a joint purchaser before or after the completion of the purchase would seem to make no difference, provided the payment is clearly shown to be on account and in part of the purchase money. Upon the authority of *Wray* v. *Steele*, 2 Ves. & B. 388. (and see also Jeremy's Equity Juris. 86.) I am of opinion, the present is not a case in which the want of an express declaration of trust in writing can be set up in bar to further discovery and relief. At any rate, I am convinced it is the safest course to overrule the plea, with leave to the defendant to raise the objection in his answer: *Townsend* v. *Townsend*, 2 Paige's C. R. 415, and 577. The defendant is to put in a full answer and pay the costs within twenty days.